## WHATLEY, v. ANDERSON–TULLY CO.

(Circuit Court of Appeals, Fifth Circuit. March 8, 1926.)

No. 4601.

**Master and servant ⬦⟿233(2)—Master held not liable for death of servant, using obviously dangerous rather than safe way.**

An employer, which provided a safe way for employees to pass from their place of work to a fire maintained for their use, *held* not liable for the death of an employee, who, instead of using such way, used another which was obviously dangerous, and known to him to be, and who was killed by logs falling from a derrick under which he passed.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by Mrs. Hattie Whatley against the Anderson-Tully Company. Judgment for defendant, and plaintiff brings error. Affirmed.

J. F. Barbour, of Yazoo City, Miss., and A. A. Chaney, of Vicksburg, Miss. (R. M. Kelly, of Vicksburg, Miss., on the brief), for plaintiff in error.

R. L. Dent of Vicksburg, Miss. (M. D. Landau, of Vicksburg, Miss., on the brief), for defendant in error.

Before WALKER and FOSTER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover damages for the death of plain-

tiff's minor son, an employee of the defendant, whose death was attributed to the negligence of the defendant in permitting the space used by employees in going to a fire maintained for their use to be unsafe. At the conclusion of the evidence the court instructed the jury to find in favor of the defendant.

The evidence showed that the deceased, who was nearly 18 years of age, and well matured for his age and unusually intelligent, left his place of work, which was entirely safe, went into an adjoining log yard, in which logs were being moved by a derrick, and was struck and killed by logs falling from the derrick while he was beneath them. The danger of the place at which the deceased was when he was killed was obvious when the derrick was in use in moving logs, and the deceased was aware of that danger. There was a safe way for him to go to a fire which evidence tended to prove was maintained for the use of employees.

No evidence adduced tended to prove that the defendant was negligent in failing to provide a safe passageway for use by an employee engaged where the deceased was, when such employee temporarily left his place of employment for the purpose of warming himself at the above-mentioned fire. If he was going to the fire when he was struck, he chose an obviously dangerous way to go, when there was a safe way. The above-mentioned instruction was proper, because there was no evidence tending to prove that the defendant was negligent as alleged.

The judgment is affirmed.